# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JOHN C. MITCHELL**     **PLAINTIFF**

**v.**     **No. 4:12CV122-MPM-DAS**

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS, ET AL.**     **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of John C. Mitchell who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the defendants violated his First Amendment right to the free exercise of his religion (Islam) by prohibiting the practice of Friday Jumu'ah services for a time in Unit 26 of the Mississippi State Penitentiary. As relief, Mitchell seeks an injunction and unspecified money damages. The defendants have moved [22] for summary judgment. The plaintiff has not responded to the motion, and the deadline for response has expired. For the reasons set forth below, the defendants' motion [22] for summary judgment will be granted and the case dismissed for failure to state a claim upon which relief could be granted.

### Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary

material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

At all relevant times, the plaintiff, John C. Mitchell, was an inmate in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Mississippi State Penitentiary ("MSP"). Mitchell has since been released from MDOC custody and now resides in Byhalia, Mississippi. Mitchell alleges that he was denied Jumu'ah services while housed in Unit 26 at MSP. Jumu'ah is a weekly Muslim service held on Fridays. Mitchell alleges that the denial violated the the First Amendment and the Religious Freedom Restoration Act ("RFRA"). As relief, he requests an injunction restoring Jum'ah services in Unit 26 at the Mississippi State Penitentiary – as well as money damages.

Jumu'ah services in Unit 26 at MSP were restricted for a time in 2012 and 2013 as a result of security concerns. To accommodate Muslim inmates, however, the defendants made arrangements such that those wishing to attend weekly Jumu'ah services could transfer to other units where Jumu'ah services were still held on a weekly basis. Exhibit "A" to Defendants' Motion for Summary Judgment. In this case, Mitchell was housed in Unit 26 until September 16, 2013, when, at his request, he transferred to Unit 25, where he was able to attend weekly Jumu'ah services. Exhibit "B" to Defendants' Motion for Summary Judgment (Mitchell's Housing History). After transferring to Unit 25, Mitchell withdrew his second Administrative Remedy Program grievance regarding Jumu'ah services in Unit 26. Exhibit "C" to Defendants' Motion for Summary Judgment, ARP MSP-13-2135.[1]

The security situation in Unit 26 had deteriorated to the point that holding weekly Jumu'ah services in Unit 26 had become dangerous. In response, the defendants offered to transfer the Mitchell to another Unit – one where weekly Jumu'ah services were held. Mitchell, however, chose not to transfer to another unit until September of 2013, when he was moved to Unit 25, in which Muslim

---

[1] Mitchell exhausted his administrative remedies with his first ARP grievance regarding Ju'mah services in Unit 26. Exhibit "D" to Defendants' Motion for Summary Judgment.

inmates gathered weekly in observance of Jumu'ah . Thus, Mitchell could have enjoyed Jumu'ah services continuously by agreeing to transfer out of Unit 26, but he chose not to.

## Injunctive Relief

Mitchell has requested as relief that the court issue an injunction requiring the defendants to resume weekly Jumu'ah services at Unit 26. However, as Mitchell is no longer incarcerated, his request for in junctive relief has become moot. *Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2002) (transfer renders injunctive relief moot). This claim for relief will be dismissed.

## First Amendment - Free Exercise of Religion

A prison policy or practice will not be found unconstitutional as long as it is reasonably related to a legitimate penological objective of the facility. *Hay v. Waldron*, 834 F.2d 481, 487-87 (5th Cir. 1987). This general statement of the law has been upheld when the regulation completely stifled a group of Muslim inmates' opportunity to attend Jumu'ah , the central religious ceremony of the Muslim faith, analogous to Christian Sunday services or Saturday services of the Jewish faith. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 360 (1987). This rule has also been applied to require Rastafarians to cut and wash their hair, even though keeping one's hair unshorn and unwashed is a tenet of the Rastafari religion. *Scott v. Mississippi Dept. of Corrections*, 961 F.2d 77 (5th Cir. 1992). In the present case, Mitchell could have attended Jumu'ah services without interruption if he had simply accepted the defendants' offer to transfer him to a unit where such services were held. Mitchell declined, and the defendants are not liable for his decision. *See Weatherspoon v. Sparkman, et al.*, 2014 WL 5335940 at *3 ("The problem Weatherspoon faces in establishing his free exercise claim is that the defendants have completely accommodated his requests for access to religious services – but he has steadfastly refused to take advantage of the accommodation.") *(See also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 352 (1987) (holding that prison officials acted in a reasonable

manner by precluding Muslim inmates from attending weekly Friday religious services because of the "ability on the part [of the inmates] to participate in other religious observances of their faith supports the conclusion that the restrictions at issue here were reasonable.") For these reasons, Mitchell's First Amendment claim is without merit.

### Religious Freedom Restoration Act and RLUIPA

Mitchell brings his Free Exercise claims against the defendants under the Religious Freedom Restoration Act ("RFRA"); however, the RFRA has been declared unconstitutional as applied to the states and state prisons such as MSP. *See City of Boerne v. Flores*, 521 U.S. 507, 536, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). As such, Mitchell's claims against defendants Lee, Davenport and Sparkman in their individual capacities for alleged violations of the RFRA will be dismissed. Under *Haines v. Kerner*, 404 U.S. 519 (1972), which requires courts to construe *pro se* pleadings liberally, the court will also consider Mitchell's claims under the Religious Land Use and Institutionalized Persons Act of 2000, § 2 et seq., 42 U.S.C.A. § 2000cc *et seq.* ("the Act" or "RLUIPA"). Though RLUIPA does provide protections for religious practices in an institutional setting, the only relief available under the Act is an injunction. However, as discussed above, Mitchell's release from custody has rendered his request for injunctive relief moot. Thus, his claims under RLUIPA must also be also dismissed.

### Defense Counsel's Motion [18] to Withdraw as Counsel for Defendant Christopher Epps in His Individual Capacity

As a final matter, defense counsel has moved [18] to withdraw as counsel of record for defendant Christopher Epps in his individual capacity. As none of the plaintiff's allegations state a claim against defendant Epps in his individual capacity, that motion [18] will be dismissed as moot.

## Conclusion

In sum, none of the plaintiff's allegations has merit, and the defendants' motion [22] for summary judgment will be granted. The instant case will therefore be dismissed for failure to state a claim upon which relief could be granted. In addition, the motion [18] by defense counsel to withdraw as counsel of record for defendant Epps in his individual capacity will be dismissed as moot. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 2nd day of April, 2015.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**